*AMENDED*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____X

In re

JEFFREY GREENBERG,

    Debtor.
_____X

Chapter 13
Case No. 13-41405-608

**<u>FIRST AMENDED
CHAPTER 13 PLAN</u>**

1.     The future earnings of the debtor are submitted to the supervision and control of the trustee, and the debtor shall pay to the trustee for a total of 36 months the sum of :

    $200.00 commencing April 15, 2013 through and including March 15, 2016, for a total of 36 months.

2.     From the payments so received, the trustee shall make disbursements as follows:
    (a)     Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. section 507.
    (b)     Holders of all allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

    DEBTOR HAS NO SECURED CLAIMS. SEE SCHEDULE D THAT WAS FILED ON MARCH 13, 2013

    (c)     Subsequent and/or concurrently with distribution to secured, priority and administrative creditors, dividends to unsecured creditors whose claims are duly allowed as follows: PRO RATA distribution to all timely filed proofs of claim of not less than ZERO % percent.

    A PORTION OF THE DEBTOR'S TAX DEBT IS ENTITLED TO PRIORITY AND A PORITION OF IT IS NOT AS INDICATED ON SCHEDULE E THAT WAS FILED ON MARCH 13, 2013). DEBTOR WILL PAY THE PRIORITY PORTION OF THAT TAX DEBT THROUGH THE CHAPTER 13 PLAN. THE DEBTOR HAS INSUFFICIENT DISPOSABLE INCOME REMAINING TO PAY ANY OF THE NON-PRIORITY PORTION OF THAT DEBT OR THE UNSECURED DEBTS THAT ARE LISTED ON SCHEDULE F.

    THE TRUSTEE'S ASSISTANT HAS DEMANDED THAT THE DEBTOR PAY ALL FILED CLAIMS. DEBTOR DOES NOT WAIVE ANY RIGHTS HE MAY HAVE DUE TO THE TRUSTEE'S INSISTENCE ON THIS USE OF THE FORM USED BY THIS PARTICULAR CHAPTER 13 STANDING TRUSTEE, AND THE ONLY CLAIMS THAT WILL BE PAID WILL BE THOSE THAT ARE PRIORITY, NOT OTHERWISE DISPUTED, AND FILED.

3. The debtor shall make all post petition payments, including but not limited to mortgage payments, vehicle payments, real estate taxes and income taxes, outside the plan.

> THE DEBTOR DOES NOT NECESSARILY AGREE TO THIS PROVISION OF THE TRUSTEE AS REFLECTED IN THIS TRUSTEE'S FORM. THE DEBTOR HAS NO MORTGAGE PAYMENTS, VEHICLE PAYMENTS, OR REAL ESTATE TAXES. DEBTOR WILL PAY HIS INCOME TAXES THAT BECOME DUE POST PETITION EITHER BY PAYING THEM OUTSIDE OF THE PLAN OR BY REQUESTING THE COURT FOR AN ADJSUTMENT TO HIS PLAN TO INCLUDE THOSE TAXES, IF NECESSARY.

### JUNIOR MORTGAGE LIENS TO BE AVOIDED

> THIS PORTION OF THE CHAPTER 13 TRUSTEE'S FORM HAS NOTHING TO DO WITH THE DEBTOR'S CIRCUMSTANCE. THE DEBTOR DOES NOT OWN ANY REAL PROPERTY SUBJECT TO A MORTGAGE, AS IS INDICATED IN THE SCHEDULES THAT WERE FILED BEFORE THE TRUSTEE FILED HIS PRESENT MOTION TO DISMISS.

5. All lease agreements are hereby assumed, unless specifically rejected as follows:

> OTHER THAN THE APARTMENT LEASE FOR THE DEBTOR'S RESIDENCE, THE DEBTOR HAS NO LEASE AGREEMENTS SUBJECT TO BEING ASSUMED OR REJECTED. DEBTOR DOES NOT WAIVE ANY RIGHT HE MAY OTHERWISE HAVE MERELY BY THE INCLUSION OF THIS PROVISION IN THE PRESENT FORM DEMANDED TO BE SIGNED BY THE CHAPTER 13 TRUSTEE.

6. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2©, less than one hundred percent (100%), the debtor shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period, indicated tax refunds are to be paid to the trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

> DEBTOR DOES NOT WAIVE ANY RIGHT HE MAY OTHERWISE HAVE MERELY BY THE INCLUSION OF THIS PROVISION IN THE PRESENT FORM DEMANDED TO BE SIGNED BY THE CHAPTER 13 TRUSTEE. THE DEBTOR WILL COMPLY WITH THE PROVISIONS OF THE BANKRUPTCY CODE, IRRESPECTIVE OF ANY DEMANDS BY THE CHAPTER 13 TRUSTEE THAT MAY BE INCONSISTENT WITH THAT STATUTORY AUTHORITY.

7. Title to the debtor's property shall revest to the debtor (upon completion of the plan or dismissal of the case, unless otherwise provided in the Order confirming the plan. Throughout the term of this plan, the debtor will not incur post petition debt over $2,000.00 without written consent of the Chapter 13 Trustee or this Court.

> THE DEBTOR FULLY INTENDS TO COMPLY WITH ALL ORDERS OF THE COURT. HOWEVER, THE DEBTOR DOES NOT WAIVE ANY RIGHT HE MAY OTHERWISE HAVE MERELY BY THE INCLUSION OF THIS PROVISION IN THE PRESENT FORM DEMANDED TO BE SIGNED BY THE CHAPTER 13 TRUSTEE.

THE DEBTOR WILL COMPLY WITH THE PROVISIONS OF THE BANKRUPTCY CODE, IRRESPECTIVE OF ANY DEMANDS BY THE CHAPTER 13 TRUSTEE THAT MAY BE INCONSISTENT WITH THAT STATUTORY AUTHORITY.

_____
Debtor

Dated: ____4/29/13____