UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
———————————————————X

In re

JEFFREY GREENBERG,

    Debtor.
———————————————————X

Return Date:   May 21 2013
Time:             10:00 a.m.

Chapter 13
Case No. 13-41405-608

**RESPONSE AND OBJECTION TO MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

    The trustee's motion is premature and moot. The motion to dismiss should be denied because the debtor has made all required payments and because the debtor has submitted the documents indicated in the motion to dismiss.

THE FILING OF THE MOTION TO DISMISS BY THE STANDING CHAPTER 13 TRUSTEE'S OFFICE WAS APPARENTLY THE RESULT OF A CLERICAL ERROR ON THE PART OF HIS STAFF.

    The debtor filed his Chapter 13 bankruptcy petition on March 13, 2013. On that date the debtor's proposed Chapter 13 plan was filed, along with all other schedules and documents required for filing. The debtor's proposed Chapter 13 plan provided that the debtor would pay the sum of $200.00 a month in that 36 month plan with the first payment to the trustee to be made on May 1, 2013.

    On April 17, 2013, the creditors meeting was held. The debtor personally appeared, but the standing Chapter 13 Trustee, Michael J. Macco, did not appear. Instead, appearing for Mr. Macco was one of his non-lawyer assistants (hereinafter "the assistant").

    On a form that was largely illegible, the assistant requested that the debtor provide several items, some of which were already in the court file and some which did not exist. When the debtor called Mr. Macco's, he (the debtor) was told by Mr. Macco's staff that it was Mr.

1

Macco's office policy for Mr. Macco or his staff not to talk on the telephone to any debtor that is representing himself. At the creditors meeting, Mr. Macco's non-lawyer assistant had informed the debtor that he would have until May 1, 2013, to submit the requested additional items that were requested on the illegible form.

The debtor has just now received a copy of the trustee's Motion / Application to Dismiss which states that the case should be dismissed because (1) the debtor has not made any post-petition payments, and (2) the debtor has not provided the documentation and items requested by the assistant on the illegible form. The allegations made in the motion are premature in that the first plan payment was not scheduled to be paid until May 1, 2013, and because the requested additional documentation and other items requested by the assistant were not due to be submitted until May 1, 2013. It appears that, through a clerical error on the part of the trustee's staff the motion to dismiss was prepared and filed before they (the staff and Mr. Macco) realized that the first payment and the additional documents were not yet due.

THE SUBJECT POST PETITION PAYMENT HAS BEEN MADE AND THE REQUESTED DOCUMENTATION HAS BEEN PROVIDED.

Attached is a copy of the money order receipt that was furnished to the trustee more than a week ago. Also attached is a list of all of the documents and other items that the motion to dismiss indicates have not been furnished to the trustee. The debtor has specifically indicated how he has complied with each of those requests.

WHEREFORE, debtor prays that the motion to dismiss should be denied.

April 26, 2013

Jeffrey Greenberg, Debtor
9511 Shore Road, Apartment 301
Brooklyn, NY 11209
718 680-3326

2

**UNITED STATES POSTAL SERVICE®**

## CUSTOMER'S RECEIPT

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

**NOT NEGOTIABLE**

Serial Number: **21052588296**

Pay to: Michael Macco
Address: 1st trustee payment per payment plan

Year, Month, Day: 2013-04-24
Post Office: 112012
Amount: $200.00
Clerk: 0031

KEEP THIS RECEIPT FOR YOUR RECORDS

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

MELVILLE NY 11747   OFFICIAL USE

| | | |
|---|---|---|
| Postage | $0.46 | 0354 |
| Certified Fee | $3.10 | 20 |
| Return Receipt Fee (Endorsement Required) | $2.55 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $6.11 | 04/24/2013 |

Sent To: Michael V Macco
Street, Apt. No., or PO Box No.: 135 Pinelawn Rd Suite 120 South
City, State, ZIP+4: Melville, NY 11747

7012 3050 0001 3731 6371

PS Form 3800, August 2006    See Reverse for Instructions

Case 1-13-41405-cec    Doc 18    Filed 05/01/13    Entered 05/02/13 09:17:40

*who keeps up petitioner pay?*

*his wages the firm where you employed?*

*any debts owed?*

*why storage rental expense?*

*any cars in your & husband's name too.*

**MICHAEL J. MACCO**
CHAPTER 13 TRUSTEE
135 Pinelawn Road
Suite 120 South
Melville, NY 11747

Name: Jeffrey Greenberg

Date Filed: 3/13/13

Case No 13-41405

341 Date 4/17/13

==============================
YOUR REQUIRED DOCUMENTS MUST
BE RECEIVED BY MICHAEL MACCO
BEFORE ____5/1/13____.
==============================

Received by:
Debtor's attorney _____
Debtor(s) _[signature]_
==============================
Creditor _____

- [x] Paystub for recent pay period (including an explanation of any payroll deduction) *w/ays*
- [x] Personal State and Federal Tax Returns for _2011 & 2012_
- [ ] Written appraisal for property
- [ ] Lease agreement or an affidavit from your tenant (stating the dollar rental amount)
- [ ] Affidavit of Contribution (include pay stub, work address & dollar amount of contribution)
- [ ] Corporate State and Federal Tax Returns for _____
- [x] List of Business assets and their fair market value
- [x] Operating Report (with bank statements and proof of tax deposits)
- [x] Amended Chapter 13 Plan
  - [ ] amend to state that revesting of real property upon completion of plan payments or dismissal
  - [ ] amend to state minimum percentage to be paid to unsecured creditors
  - [ ] amend to state in addition to monthly payments "all tax refunds received by the debtor(s) during the life of Plan will be turned over to Trustee for distribution to creditors"
  - [x] amend to pay all filed claims _IRS, NYS Dept Tx & Fin._
  - [ ] amend to pledge all proceeds of personal injury litigation
  - [x] other changes to plan _use form plan_
- [x] Amended Schedules  _B - for Bks w/accts    -credit rpt_
  - [ ] amend schedules I & J
  - [x] amend statement of financial affairs _answer all ques compl - accurately_
  - [ ] amend to add creditor(s)
  - [ ] A written assignment of debtor's personal injury action acknowledged by personal injury attorney
  - [ ] other changes to schedules _____
- [x] Utility bills for the month of _March_ including gas/oil, water, telephone, electric, cable
- [x] Other Documents _08-'11 tx transcripts; bk pmts 9/1/12 - 3/13/13 (all pgs + accts)_
  _accurate means test; obtain deed, real mtg ident (yes mar 4/1/13)_
  _turnover 2012 tx refund when issued to trustee; detailed aff all unpaid debts._
- [x] Provide documents set forth in Local Bankruptcy Rule 2003-1
  _(w/ith)_
  _5/1/13_

Your failure to provide the above documents to the Chapter 13 Trustee ~~on or before~~ _5/1/13_
may result in the dismissal of your case. Please include your CASE NUMBER on all money orders and documents.

_- chu c McWhin_

**ITEMS CLAIMED BY THE TRUSTEE'S MOTION TO DISMISS TO HAVE NOT BEEN TIMELY SUBMITTED**

**PERSONAL STATE AND FEDERAL TAX RETURNS FOR 2011 AND 2012:**

A copy of the debtor's tax return for 2011 that was due on April 15, 2012 is attached. The tax return for 2012 that was due on April 15, 2013 is not yet due. The debtor has timely requested an extension of time to file this return.

**LIST OF BUSINESS ASSETS AND THEIR FAIR MARKET VALUE:**

At the creditor's meeting, the trustee's non-lawyer assistant was informed that the debtor had closed his former antique business more than a year ago. The debtor filed his Schedule B on March 13, 2013, the same day the original petition was filed. On Schedule B, debtor indicates the following "business assets" that he still retained as of the date of filing.

"11 paintings, 6 vases, 100 records, 200 art books, 6 stone mosaic files"

These were valued at $5,000.00 and the debtor took the corresponding exemption on Schedule C. Perhaps the trustee's assistant or the trustee's staff did not thoroughly read the debtor's schedules before they requested the same information that has already been provided.

However, in the interest of full cooperation with the trustee's requirement, the debtor has filed an amendment to Schedule B which appraises the value of these miscellaneous items at $3,000.00 rather than $5,000.00.

**OPERATING REPORT (WITH BANK STATEMENTS AND PROOF OF TAX DEPOSITS);**

When debtor's business was operating before it was closed, the debtor had no employees, and hence had no periodic tax deposits or operating report. This was explained to the trustee's assistant at the creditors meeting before the trustee filed the present motion to dismiss claiming

**AMENDED CHAPTER 13 PLAN AMEND TO PAY ALL FILED CLAIMS IRS, NEW YORK STATE DEPARTMENT OF TAX AND FINANCE:**

**OTHER CHANGES TO PLAN USE FORM PLAN:**

The United States Bankruptcy Court for the Eastern District of New York, insofar as the debtor can tell, does not have an official form for the submission of Chapter 13 plans. It is not found on the court's official website and it is not found on the Chapter 13 website used by trustees to provide an accounting for payments and disbursements. Because the trustee has not posted his plan at the court's web site (as virtually every other Chapter 13 trustee in the United States have done), it makes it difficult for any one not intimately familiar with the specific process used in Brooklyn to even know that a form plan existed. As a result, the debtor submitted a proposed plan using an example of an official form used in another jurisdiction. At the creditors meeting, the assistant to the trustee had not read the debtor's proposed Chapter 13 plan but instead demanded that the debtor use a form that is found at the web site of the private law firm of the Chapter 13 Trustee. Perhaps that is the reason that the motion to dismiss was prematurely filed because neither the assistant nor the trustee himself had any idea that the proposal of the debtor was to make his initial post-petition payment on May 1.

Again, in the interest of full cooperation with the trustee's latest requirements, the debtor has retyped the form from the trustee's law firm's web site (it is not a form where the debtor may fill in the missing information, but is instead simply a pdf document that requires it to be fully retyped to be usable). This does nothing but present another unwarranted obstacle to a pro se debtor's attempts to comply with the requirements of the Bankruptcy Code.

    A copy of the debtor's proposed Chapter 13 plan, in the format suggested by this trustee, has already been filed.

**AMENDED SCHEDULES:**

As indicated herein, several schedules have been amended and filed.

**AMEND STATEMENT OF FINANCIAL AFFAIRS ANSWER ALL QUESTIONS COMPLETELY AND ACCURATELY:**

The Statement of Financial Affairs that was filed on March 13, 2013, is complete and accurate.

**UTILITY BILLS FOR THE MONTH OF MARCH INCLUDING GAS/OIL, WATER, TELEPHONE, ELECTRIC, CABLE:**

A copy of the check stubs for those payments is attached.

**2008 THROUGH 2011 TAX TRANSCRIPTS:**

The tax transcripts for the subject years have been requested from the IRS and will be provided to the trustee as soon as they are received.

**BANK STATEMENTS SEPTEMBER 1, 2012 THROUGH MARCH 31, 2013, ALL PLAGES AND ACCOUNTS:**

The requested documents were provided to the trustee. The debtor does not anticipate filing those bank statements unless required by the court to do so, at which time the debtor would request that those records be sealed.

**ACCURATE MEANS TEST:**

The means test is accurate. This is an ambiguous request.

**CREDIT REPORT:**

This request for a credit report by the trustee essentially requests information that did not exist at the time that the trustee made this request. The Bankruptcy Code does not generally require a copy of a credit report, per se. However, in the interest of full cooperation with the trustee despite his lack of authority to demand that a credit report be produced, the debtor has paid for and furnished a credit report to the trustee..

**PROOF MORTGAGE/RENT PAYMENTS MADE APRIL 1, 2013:**

The debtor does not have a mortgage. Documentation proving that he paid his rent for April 2013 is not available at time of filing, copy of check stub is attached.

**TURNOVER 2012 TAX REFUNDS UPON RECEIPT TO TRUSTEE:**

Debtor has not received, and the trustee or the trustee's assistant has not reason to believe that the debtor did receive a tax refund. The debtor does not anticipate receiving a tax refund.

**DETAILED AFFIDAVIT REGARDING DISPUTED DEBTS:**

This is another vague request. What disputed debts is the trustee talking about?

AMENDED

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

In re                                          Chapter 13
                                               Case No. 13-41405-608
JEFFREY GREENBERG,
                                               **FIRST AMENDED**
        Debtor.                                **CHAPTER 13 PLAN**
───────────────────────────────X

1.  The future earnings of the debtor are submitted to the supervision and control of the trustee, and the debtor shall pay to the trustee for a total of 36 months the sum of :

    $200.00 commencing April 15, 2013 through and including March 15, 2016, for a total of 36 months.

2.  From the payments so received, the trustee shall make disbursements as follows:
    (a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. section 507.
    (b) Holders of all allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

        DEBTOR HAS NO SECURED CLAIMS. SEE SCHEDULE D THAT WAS FILED ON MARCH 13, 2013

    (c) Subsequent and/or concurrently with distribution to secured, priority and administrative creditors, dividends to unsecured creditors whose claims are duly allowed as follows: PRO RATA distribution to all timely filed proofs of claim of not less than ZERO % percent.

        A PORTION OF THE DEBTOR'S TAX DEBT IS ENTITLED TO PRIORITY AND A PORITION OF IT IS NOT AS INDICATED ON SCHEDULE E THAT WAS FILED ON MARCH 13, 2013). DEBTOR WILL PAY THE PRIORITY PORTION OF THAT TAX DEBT THROUGH THE CHAPTER 13 PLAN. THE DEBTOR HAS INSUFFICIENT DISPOSABLE INCOME REMAINING TO PAY ANY OF THE NON-PRIORITY PORTION OF THAT DEBT OR THE UNSECURED DEBTS THAT ARE LISTED ON SCHEDULE F.

        THE TRUSTEE'S ASSISTANT HAS DEMANDED THAT THE DEBTOR PAY ALL FILED CLAIMS. DEBTOR DOES NOT WAIVE ANY RIGHTS HE MAY HAVE DUE TO THE TRUSTEE'S INSISTENCE ON THIS USE OF THE FORM USED BY THIS PARTICULAR CHAPTER 13 STANDING TRUSTEE, AND THE ONLY CLAIMS THAT WILL BE PAID WILL BE THOSE THAT ARE PRIORITY, NOT OTHERWISE DISPUTED, AND FILED.

3. The debtor shall make all post petition payments, including but not limited to mortgage payments, vehicle payments, real estate taxes and income taxes, outside the plan.

THE DEBTOR DOES NOT NECESSARILY AGREE TO THIS PROVISION OF THE TRUSTEE AS REFLECTED IN THIS TRUSTEE'S FORM. THE DEBTOR HAS NO MORTGAGE PAYMENTS, VEHICLE PAYMENTS, OR REAL ESTATE TAXES. DEBTOR WILL PAY HIS INCOME TAXES THAT BECOME DUE POST PETITION EITHER BY PAYING THEM OUTSIDE OF THE PLAN OR BY REQUESTING THE COURT FOR AN ADJSUTMENT TO HIS PLAN TO INCLUDE THOSE TAXES, IF NECESSARY.

### JUNIOR MORTGAGE LIENS TO BE AVOIDED

THIS PORTION OF THE CHAPTER 13 TRUSTEE'S FORM HAS NOTHING TO DO WITH THE DEBTOR'S CIRCUMSTANCE. THE DEBTOR DOES NOT OWN ANY REAL PROPERTY SUBJECT TO A MORTGAGE, AS IS INDICATED IN THE SCHEDULES THAT WERE FILED BEFORE THE TRUSTEE FILED HIS PRESENT MOTION TO DISMISS.

5. All lease agreements are hereby assumed, unless specifically rejected as follows:

OTHER THAN THE APARTMENT LEASE FOR THE DEBTOR'S RESIDENCE, THE DEBTOR HAS NO LEASE AGREEMENTS SUBJECT TO BEING ASSUMED OR REJECTED. DEBTOR DOES NOT WAIVE ANY RIGHT HE MAY OTHERWISE HAVE MERELY BY THE INCLUSION OF THIS PROVISION IN THE PRESENT FORM DEMANDED TO BE SIGNED BY THE CHAPTER 13 TRUSTEE.

6. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2©, less than one hundred percent (100%), the debtor shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period, indicated tax refunds are to be paid to the trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

DEBTOR DOES NOT WAIVE ANY RIGHT HE MAY OTHERWISE HAVE MERELY BY THE INCLUSION OF THIS PROVISION IN THE PRESENT FORM DEMANDED TO BE SIGNED BY THE CHAPTER 13 TRUSTEE. THE DEBTOR WILL COMPLY WITH THE PROVISIONS OF THE BANKRUPTCY CODE, IRRESPECTIVE OF ANY DEMANDS BY THE CHAPTER 13 TRUSTEE THAT MAY BE INCONSISTENT WITH THAT STATUTORY AUTHORITY.

7. Title to the debtor's property shall revest to the debtor (upon completion of the plan or dismissal of the case, unless otherwise provided in the Order confirming the plan. Throughout the term of this plan, the debtor will not incur post petition debt over $2,000.00 without written consent of the Chapter 13 Trustee or this Court.

THE DEBTOR FULLY INTENDS TO COMPLY WITH ALL ORDERS OF THE COURT. HOWEVER, THE DEBTOR DOES NOT WAIVE ANY RIGHT HE MAY OTHERWISE HAVE MERELY BY THE INCLUSION OF THIS PROVISION IN THE PRESENT FORM DEMANDED TO BE SIGNED BY THE CHAPTER 13 TRUSTEE.

THE DEBTOR WILL COMPLY WITH THE PROVISIONS OF THE BANKRUPTCY CODE, IRRESPECTIVE OF ANY DEMANDS BY THE CHAPTER 13 TRUSTEE THAT MAY BE INCONSISTENT WITH THAT STATUTORY AUTHORITY.

_____
Debtor

Dated: __4/29/13__

AMENDED

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

Eastern District of New York

In re JEFFREY GREENBERG,  Case No. 13-41405
Debtor

Chapter 13

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | yes | 1 | $ 0.00 | | |
| B - Personal Property | yes | 3 | $ 38,107.00 | | |
| C - Property Claimed as Exempt | yes | 1 | | | |
| D - Creditors Holding Secured Claims | yes | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | yes | 3 | | $ 7,152.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | yes | 1 | | $ 35,000.00 | |
| G - Executory Contracts and Unexpired Leases | yes | 1 | | | |
| H - Codebtors | yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | yes | 1 | | | $ 4,550.00 |
| J - Current Expenditures of Individual Debtors(s) | yes | 1 | | | $ 4,350.00 |
| TOTAL | | 14 | $ 38,107.00 | $ 42,152.00 | |

*AMENDED*

B 6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
Eastern District of New York

In re __JEFFREY GREENBERG__,
       Debtor

Case No. __13-41405__

Chapter __13__

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

❏ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 10,255.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 10,255.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 4,550.00 |
| Average Expenses (from Schedule J, Line 18) | $ 4,350.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ 4,550.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 7,152.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 3,103.00 |
| 4. Total from Schedule F | | $ 36,000.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 3,903.00 |

B 6B (Official Form 6B) (12/07)

AMENDED

In re  JEFFREY GREENBERG ,                    Case No. 13-41405
       Debtor                                        (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Chase Bank deposit at time of filing Account # 0511072498 Sovereign Bank account has no balance Account # 21069700 | | 3,200.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | miscellaneous household goods including used furniture from former antique shop | | 4,200.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | 11 paintings, 6 vases, 100 records, 200 art books, 6 stone mosaic files | | 3,000.00 |
| 6. Wearing apparel. | | miscellaneous personal clothing | | 500.00 |
| 7. Furs and jewelry. | | miscellaneous jewelry | | 2,200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re **JEFFREY GREENBERG**,  Case No. **13-41405**
Debtor  (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1999 Ford E250 ($3,667); 2001 Audi ($7,400) | | 11,007.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____0_____ continuation sheets attached    Total ▶   $    36,107.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re JEFFREY GREENBERG,    Case No. 13-41405
Debtor    (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | ERISA qualified IRA | | 12,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A -- Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

B6C (Official Form 6C) (04/13)

AMENDED

In re JEFFREY GREENBERG,  
         *Debtor*

Case No. 13-41405  
         *(If known)*

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:  
(Check one box)  
☐ 11 U.S.C. § 522(b)(2)  
☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $155,675.*

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| bank account deposit | Debtor & Creditor sec. 283 | 3,200.00 | 3,200.00 |
| miscellaneous household goods | CPLR sec 5205; Dector & Creditor sec 283 | 4,200.00 | 4,200.00 |
| miscellaneous personal clothing | CPLR sec 5205; Dector & Creditor sec 283 | 500.00 | 500.00 |
| miscellaneous jewelry | CPLR sec 5205; Dector & Creditor sec 283 | 2,200.00 | 2,200.00 |
| miscellaneous antiques, etc. | CPLR sec 5205; Dector & Creditor sec 283 | 3,000.00 | 3,000.00 |
| ERISA qualified IRA | 11 U.S.C. sec 522(b)(3) | 12,000.00 | 12,000.00 |
| 1999 Ford E250 ($3,667); 2001 Audi ($7,400) | Debtor & Creditor sec 282 | 1,107.00 | 1,107.00 |

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re **JEFFRELY GREENBERG**,         Case No. **13-41405**
            Debtor                                        (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __16__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __4/29/13__                              Signature: _____
                                                                   Debtor

Date _____         Signature: _____
                                                                   (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

__not applicable__
Printed or Typed Name and Title, if any,         Social Security No.
of Bankruptcy Petition Preparer                     *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____                      _____
Signature of Bankruptcy Petition Preparer         Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __16__ sheets *(Total shown on summary page plus 1)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                                    Signature: __not applicable__

                                    _____
                                    [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# CERTIFICATE OF SERVICE

This to certify that on the 29th day of April 2013, a true and correct copy of the above and foregoing was served on the following by depositing in the United States Mail, addressed as follows:

Michael J. Macco
Standing Chapter 13 Trustee
135 Pinelawn Road  - Suite 120 South
Melville, NY  11747

Jeffrey Greenberg

VYACHESLAV KHEYMAN
NOTARY PUBLIC STATE OF NEW YORK
No. 01KH6218013
Qualified in Richmond County
My Commission Expires 02/22/2014